# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT, EASTERN DIVISION

| | | |
|---|---|---|
| ROSEE TORRES | ) NO. 13 CV 5542 | |
| Plantiff | ) MAGISTRATE FINNEGAN | **FILED** |
| V. | ) | JUL 1 1 2014 |
| WELLS FARGO HOME MORTGAGE, ETC., | ) | THOMAS G. BRUTON |
| Defendants | ) | CLERK, U.S. DISTRICT COURT |

### TORRES MOTION FOR COMPLIANCE & TO POSTPONE DEPOSITIONS

NOW COMES the plaintiff, Rosee Torres. Pro se, and moves the court for an order postponing the Torres depositions, and for Wells Fargo/s discovery compliance, in support thereof, states:

1. That Wells Fargo has scheduled deposition dates for Rosee Torres for July 9, 2014 and Noel Torres for July 19, 204at the office of its law firm, Much Shelist.

2. That Judge Lee, on June 17, 2014, ordered affidavits from Noel Torres' attorney Steve Blonder of Mucg Shelist due July 15, 2014 and Noel and Rosee Torres due July 22, 2014, EX. A

3. That Noel Torres' former attorney is a member o the lawfir representing defendsnts, which is a conflict of interest and unethical, a breach of confidentialitynif not malpractice. Members o the entire lawfirm should be disqualified. .

4. On June 17, 2014, Robert Emanuel of Much Shelist advised the court he was leaving the lawfirm on June 23, 204 . Yet he has not advised Plaintiff or the Clerk's office of his new address and/or where the depositions will be taken. Or whether his leave is a withdrawal.

5. The court's decision on the status of the defendant's law firm determines who will take the depositionsw.

6. That on April 16, 2014, the Court ordered defendsnts to provide Torres with copy, front and back, of $175,000 check Wells Fargo claims as a pay-off regarding disputed non-existent closing of February 7, 2007, two afer order. EX. B

8. In addition to the above check, at issue in this litigation ,defendants have failed and refused to produce the following documents requested in discovery and wgich are at issue in plaintiff's claim: (a) a copy of the actual "Note" and "Mortgage" for the date of the disputed closing, rather than a dozen copies of blank undated, unsigned and un-initialed forms from c 2004-2006 substituted as authentic; (b) appearance and answer for defendants Meggan Schroeder and Jacqueline Fischer as promised by Attorney Emanuel in open court; (d) the complete and full document on which the "Release of November 4, 2004" was entered; names and addresses of real estate agents and attorneys who handled the closing on 7 or 8, 2007. € other requests listed in Torres' 4th Set of Document Discovery of June 30, 2014

Jacqueline Fischer; ( c) losing on

Jacqueline Fischer; ( c) losing on

9. *Defendants also ask or three days of deposition with Rosee and Noel Torres, the* Latter not a party to the lawsuit or any loan or mortgage.

WHEREFORE, Rosee Torres prays that this Court enter an order allowing

*depositions until after full compliance of orders attached and discovery.*

Rosee Torres
Plaintiff – Pro Se

3546 West Beach Avenue
Chicago, IL 5065 (1-773-384-9122)

Rosee Torres, Plaintiff Pro

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
Eastern Division

Rosee Torres

          Plaintiff,

v.                   Case No.: 1:13-cv-05542
                   Honorable John Z. Lee

Wells Fargo Home Mortgage, et al.

          Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, June 17, 2014:

   MINUTE entry before the Honorable John Z. Lee:Motion hearing held on 6/17/14. Defendant's response and declaration to plaintiff's motion to disqualify Much Shelist for conflict of interest [75] is due by 7/15/14 and is limited to five pages; plaintiff's reply and affidavit of Mr. Torres is due by 7/22/14 and is limited to three pages; ruling will be by mail. Mailed notice(ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

EX. A

1

# UNITED STATES DISTRICT COURT
## FOR THE Northern District of Illinois – CM/ECF LIVE, Ver 6,1
### Eastern Division

Rosee Torres

                        Plaintiff,

v.                                            Case No.: 1:13-cv-05542
                                                           Honorable John Z. Lee

Wells Fargo Home Mortgage, et al.

                        Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Wednesday, April 16, 2014:

      MINUTE entry before the Honorable Sheila Finnegan: Motion hearing held on 4/16/2014. Plaintiff's motion to quash subpoena for bank records [53] is denied for the reasons stated on the record. Plaintiff's motion to compel Wells Fargo discovery compliance [55] is denied except that, to the extent that defendant has not yet produced products reflecting the alleged transfer of $175,000 in February 2007 to pay off plaintiff's existing loan as part of a refinance, it must produce these documents, including documents identifying the financial institution that received the funds and whether those were received by check, wire transfer, or other means. If such documents already have been produced, defendant shall provide bates stamp numbers to plaintiff or produce the responsive documents again. The referral is closed and the case is returned to the District Judge for further proceedings. Honorable Sheila Finnegan no longer referred to the case. Mailed notice. (is, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

EX. B